IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ZACHARY ELLSWORTH MOEN,

    Plaintiff,

v.

ROCK COUNTY JAIL,

    Defendant.

OPINION & ORDER

Case No. 19-cv-193-wmc

*Pro se* plaintiff Zachary Ellsworth Moen brings this action under 42 U.S.C. § 1983 against the Rock County Jail, claiming that his arrest and five-day period of time spent in the jail violated his Fourth Amendment rights. The complaint is now before the court for screening pursuant to 28 U.S.C. § 1915(e)(2). After review, the court concludes that while plaintiff may be able to articulate a constitutional claim, to continue with this lawsuit he will be required to amend his complaint that names a proper defendant and corrects the deficiencies described in this order.

ALLEGATIONS OF FACT[1]

At some point in 2016, Moen was arrested by police and taken to the Rock County Jail. Moen was fingerprinted and a sample of his DNA was taken, but Moen does not know why the sample was taken. Moen was kept in the jail for five days, and during that time he alleges that he was bullied, threatened, harassed, beaten up and mentally and physically abused by other jail inmates. Moen alleges that since his release from jail his

---

[1] Courts must read allegations in *pro se* complaints generously, resolving ambiguities and drawing reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

mindset has permanently shifted, causing him to disregard the law with ease, leading to more trouble with the authorities.

OPINION

Plaintiff seeks leave to proceed on a Fourth Amendment claim related to his arrest, the DNA sample and fingerprinting and time spent in jail. However, he may not proceed on any claim as currently pled, for two reasons. First, the only named defendant -- the Rock County Jail -- cannot be sued under § 1983 because a jail is a building and cannot accept service of the complaint. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Even assuming that plaintiff had named a proper defendant, his complaint does not satisfy the requirements of Federal Rule of Civil Procedure 8. Rule 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To start, plaintiff's apparent challenge to his arrest and conditions during his time in jail appear to fall under the Fourth Amendment's reasonableness standard, since plaintiff does not allege that he attended a probable cause hearing during this time. *See United States v. Richardson*, 208 F.3d 626, 629 (7th Cir. 2000) ("A warrantless search or seizure is per se

unreasonable unless the police can show that it falls in one of a carefully defined set of exceptions based on the presence of exigent circumstances.") (internal quotations omitted); *Ortiz v. City of Chi.*, 656 F.3d 523 (7th Cir. 2011) (applying Fourth Amendment reasonableness standard to claim related to the failure to provide adequate medical care when plaintiff had not been through a probable cause hearing during the relevant time period).

However, to the extent plaintiff is seeking to pursue claims related to his arrest, he may not. Plaintiff has not provided any details about the nature of his arrest, who was involved in collecting a DNA sample, or whether that sample was used against him in a criminal proceeding. Similarly, plaintiff may not proceed on any claims related to the time he spent in jail, since his complaint does not include any allegations suggesting that any jail staff had reason to know that he was being threatened, harassed and bullied during his time in jail and failed to intervene to protect plaintiff from other inmates. Consequently, plaintiff has failed to allege any facts sufficient to support a plausible claim for relief in federal court.

Therefore, if plaintiff wants to proceed on his claims in this lawsuit, he will need to file an amended complaint that (1) identifies a proper defendant or defendants that were involved in the events related to the claims he wants to pursue, and (2) provides additional allegations about the circumstances surrounding his 2016 arrest and the time he spent in jail. To identify a proper defendant, plaintiff may name a law enforcement official that was involved in his wrongful arrest and/or jail employee that knew about and failed to intervene when plaintiff was being harassed by other inmates. *Minix v. Canarecci*, 597 F.3d

824, 833-34 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation."). If plaintiff does not know the identities of such person or persons, he may amend his complaint and identify the defendant or defendant by the name "Jane Doe" or "John Doe" as appropriate. Should plaintiff take that approach, the court will screen his complaint and plaintiff will then be afforded the opportunity to conduct discovery that will help him identify and substitute the proper defendants.

To provide adequate factual allegations, plaintiff should take care to provide specific information about what he remembers about the nature of his arrest; the details about why the DNA sample was taken; whether he was criminally charged after his arrest; and why he believes that the arrest and his time spent in jail violated his Fourth Amendment rights. Plaintiff should draft it as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his amended complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

Furthermore, to the extent plaintiff's arrest led to criminal charges or a conviction, his claim for relief challenging his initial arrest may be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As explained in *Heck,* a plaintiff is precluded from bringing

claims for damages if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his [state criminal] conviction or sentence." *Id.* This bar applies unless the underlying conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Plaintiff should take this into account when crafting his amended complaint.

ORDER

1. Plaintiff Zachary Moen's complaint is DISMISSED without prejudice for failure to identify a proper defendant and for failure to meet the requirements of Federal Rule of Civil Procedure 8.

2. **Plaintiff may have until October 3, 2019, to submit an amended complaint that identifies a suable person or entity for purposes of 42 U.S.C. § 1983. If plaintiff fails to respond by that deadline, then this case will be dismissed with prejudice for failure to prosecute.**

Entered this 12th day of September, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge